NO. 07-06-0431-CR
NO. 07-06-0432-CR
NO. 07-06-0433-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MARCH 25, 2008

_____

CLIFFORD EUGENE OSBORN,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NOS. 17,126-C;17,127-C;18,231-C; HON. PATRICK PIRTLE, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

After a jury trial, Clifford Eugene Osborn was convicted of robbery, aggravated kidnaping, and unauthorized use of a motor vehicle. After finding the enhancements true,

the jury assessed punishment at life for the robbery conviction, life for the aggravated kidnaping, and twenty years for the unauthorized use of a motor vehicle.

Appellant's appointed counsel has filed a motion to withdraw, together with an *Anders*[1] brief, wherein he certifies that, after diligently searching the record, he has concluded that appellant's appeals are without merit. Along with his brief, he has filed a copy of a letter sent to appellant informing him of counsel's belief that there was no reversible error and of appellant's right to file a *pro se* brief or response. By letter dated December 31, 2007, this court also notified appellant of his right to file his own brief or response by January 30, 2008, if he wished to do so. After requesting and receiving an extension of time, appellant filed a response wherein he contends 1) the trial court erred in refusing to grant the motion to suppress his statement, and 2) he was denied his right to counsel and meaningful access to the courts.[2]

In compliance with the principles enunciated in *Anders*, appellate counsel discussed several possible issues for appeal: 1) the sufficiency of the evidence to sustain the convictions, 2) the denial of motions to suppress appellant's statement and his identification, 3) the sufficiency of the evidence to support a finding of "true" to the

---

[1] *See Anders v. California,* 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[2] Appellant contends he requested counsel but was not permitted to talk to an attorney for approximately six months after his arrest for the subject offenses. The record shows that appellant told Officer Paul Horn on May 24, 2005, after ten minutes of questioning, that he would rather not say anything more without speaking to a lawyer. This was an invocation of appellant's Fifth Amendment right to be free of custodial questioning without the presence of counsel. *See Russell v. State,* 215 S.W.3d 531, 535 (Tex. App. –Waco 2007, pet. ref'd). There is no indication that police continued to interrogate appellant after that time. This request is not the same as a request for appointment of counsel under a defendant's Sixth Amendment right. Thereafter, the record shows that appellant was indicted on November 9, 2005, and that he filed a request for attorney on December 5, 2005. Counsel was appointed the same day and appellant did not proceed to trial until October 2006. The record is unclear as to appellant's whereabouts during the period from May 24, 2005, until his indictment.

2

enhancement paragraphs during the punishment phase, 4) the appropriateness of the punishments assessed, and 5) the effectiveness of counsel.  However, appellate counsel has explained why each argument lacks merit.

We have also conducted our own review of the record to assess the accuracy of appellate counsel's conclusions and to uncover any reversible error pursuant to *Stafford v. State,* 813 S.W.2d 503 (Tex. Crim. App. 1991).  Our review has failed to reveal reversible error.

Accordingly, the motion to withdraw is granted and the judgments are affirmed.

<br>

Brian Quinn
Chief Justice

Do not publish.