

## Fourth Court of Appeals

### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00041-CR

Kyle **MILLER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR5502
Honorable Pat Priest, Judge Presiding[1]

Opinion by:    Karen Angelini, Justice

Sitting:    Karen Angelini, Justice
Marialyn Barnard, Justice
Rebeca C. Martinez, Justice

Delivered and Filed:  June 17, 2015

AFFIRMED

Kyle Miller appeals his murder conviction.  The appeal was abated for a hearing, and the

trial court found that Miller should be permitted to represent himself on appeal.  In his *pro se* brief,

Miller contends the trial court erred by: (1) denying him a right to a speedy trial; (2) granting the

State's motion in limine; and (3) denying his motion to suppress and thereby admitting into

evidence statements he made to two officers.  Miller also contends trial counsel rendered

---

[1] The Honorable Mary Román presided over the hearing on the pre-trial motion to suppress and over the first trial which ended in a mistrial because the jury was unable to reach a verdict.  The Honorable Pat Priest presided over the second trial, and the Honorable Mary Román signed the judgment.

ineffective assistance of counsel. We overrule Miller's issues,[2] and affirm the trial court's judgment.

## BACKGROUND

During an argument about money, Miller stabbed his father in the chest. The single stab wound killed his father. Miller testified at trial that he stabbed his father in self-defense. Miller's first trial ended in a mistrial because the jury was unable to reach a verdict. The jury in Miller's second trial found Miller guilty of murder. Based on its finding that Miller committed the offense under the immediate influence of sudden passion arising from an adequate cause, the jury assessed Miller's punishment at eight years' imprisonment.

## SPEEDY TRIAL

In his first issue, Miller contends his right to a speedy trial was violated. Miller's brief contains citations to sixteen motions he filed asserting his right to a speedy trial. The State notes that all of the motions were filed by Miller *pro se* while he was represented by counsel.

Because a defendant has no right to hybrid representation, "a trial court is free to disregard any *pro se* motions presented by a defendant who is represented by counsel." *Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007). As a result, "a trial court's decision *not* to rule on a *pro se* motion" is not "subject to review." *Id*. Accordingly, Miller's first issue is overruled.

## MOTION IN LIMINE

In his second issue, Miller asserts the granting of a motion in limine violated his constitutional rights because it prevented him from presenting character evidence regarding the victim, evidence of the victim's propensity towards violence, and evidence of the victim's

---

[2] By order dated February 26, 2015, Miller was granted permission to file a supplemental brief; however, the order stated "Any supplemental brief filed by appellant may not raise additional issues or points of error, but must only provide additional legal support for issues or points of error raised in appellant's original brief." As a result, any additional issues raised in Miller's supplemental brief will not be addressed.

reputation for not being peaceable and law abiding. Miller asserts this evidence was necessary to prove the victim was the first aggressor.

A trial court's granting of a motion in limine is a preliminary ruling only and preserves nothing for appellate review. *Geuder v. State*, 115 S.W.3d 11, 14-15 (Tex. Crim. App. 2003). Instead, an appellant must obtain an adverse ruling on the admissibility of the evidence during trial to preserve error for our review. *Moff v. State*, 131 S.W.3d 485, 489 (Tex. Crim. App. 2004). Because Miller complains of the trial court's order granting the State's motion in limine and not about a ruling made during trial excluding the evidence Miller sought to introduce, Miller's issue is overruled.

## MOTION TO SUPPRESS AND ADMISSIBILITY OF STATEMENTS

In his third and fourth issues, Miller contends the trial court erred in denying his motion to suppress statements he made to the responding officers regarding the location of the knife he used to stab his father. Miller contends these statements were made as result of custodial interrogation; however, the statements were not recorded as required by article 38.22 of the Texas Code of Criminal Procedure, and the officers did not advise Miller of his *Miranda*[3] rights before asking the questions.

We review a trial court's ruling on a motion to suppress evidence using a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Turrubiate v. State*, 415 S.W.3d 433, 437 (Tex. App.—San Antonio 2013, pet. ref'd). Under this standard, we give almost total deference to a trial court's determination of the historical facts while reviewing the trial court's application of the law to the facts de novo. *Turrubiate*, 415 S.W.3d at 437.

---

[3] *Miranda v. Arizona*, 384 U.S. 436 (1966)

In its findings of fact, the trial court found Officer Eric Woodard was the first officer to respond to Miller's call to 911. When Officer Woodard arrived at the scene, he saw an individual kneeling in the yard and asked "What happened? What's going on?" Miller responded by saying, "I stabbed my dad." The trial court found Miller was not in custody at that time.

Officer Woodard then approached Miller and handcuffed him. The trial court found that Miller was then in custody. At trial, Officer Woodard testified that after he handcuffed Miller, he asked him where the knife was located that he used to stab his father. At that time, Officer Woodard had no knowledge as to whether other occupants were inside the house. Miller responded the knife was in the kitchen sink. Officer Jennifer Morgan, a second responding officer who arrived after Miller was handcuffed, asked Miller if he had anything that could poke, stab, or cut her before she patted him down. Miller responded that he did not have anything on him, but the knife he used to stab his father was in the kitchen sink. Miller continued volunteering additional information without being questioned although Officer Morgan repeatedly told him he did not have to speak to her.

A person is considered "in custody" when: (1) the individual is formally arrested, or (2) the individual's freedom of movement has been restricted to the degree associated with a formal arrest. *Thai Ngoc Nguyen v. State*, 292 S.W.3d 671, 677 (Tex. Crim. App. 2009). When Officer Woodard initially approached Miller and asked what was happening, Miller's freedom of movement had not been restricted in any degree; accordingly, the trial court did not err in concluding that Miller was not in custody when he told Officer Woodard that he stabbed his father. *See id.*; *see also Jones v. State*, 795 S.W.2d 171, 174 n.3 (Tex. Crim. App. 1990) (noting broad general question such as "what happened" upon arriving at a crime scene is outside the constitutional definition of "interrogation").

With regard to Miller's statement regarding the location of the knife, the trial court concluded the officers' questions were informal questions relating to the safety of the officer and were not custodial interrogation. The public safety exception recognizes that in narrow circumstances, the threat to the safety of the officers outweighs the need for giving the *Miranda* warnings. *New York v. Quarles*, 467 U.S. 649, 655-57 (1984); *Russell v. State*, 215 S.W.3d 531, 534 (Tex. App.—Waco 2007, pet. ref'd). Under the facts in this case, we hold the trial court did not err in applying this exception to the question Officer Woodard posed regarding the location of the knife or the question Officer Morgan asked regarding whether Miller was in possession of anything that could stab her. Both questions were reasonably prompted by a concern for the officers' safety. *See Quarles*, 467 U.S. at 656-57. Moreover, even if we held the trial court erred in denying the motion to suppress with regard to Miller's statements about the location of the knife, the record does not establish how Miller was harmed by the admission of these statements given that Miller's statement that he stabbed his father was admissible. *See* TEX. R. APP. P. 44.2 (setting forth standard for determining harm); *Tollefson v. State*, 352 S.W.3d 816, 822-23 (Tex. App.—San Antonio 2011, pet. ref'd) (applying harm analysis where trial court erred in denying motion to suppress).

**INEFFECTIVE ASSISTANCE OF COUNSEL**

In his final issue, Miller contends trial counsel was ineffective in numerous ways, including: (1) withholding information from him that counsel obtained from the State through discovery; (2) not challenging the admissibility of a duplicate copy of his 911 call; (3) not objecting to statements regarding good time credit; (4) not objecting to evidence of another fight in which Miller was involved while in jail after his arrest; and (5) failing to properly object to the admissibility of jail cell telephone call recordings.

There is a strong presumption that trial counsel's conduct fell within the wide range of professional assistance. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). An ineffective assistance claim must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *Thompson*, 9 S.W.3d at 813. "Direct appeal is usually an inadequate vehicle for raising such a claim because the record is generally undeveloped." *Goodspeed*, 187 S.W.3d at 392. "If counsel's reasons for his conduct do not appear in the record and there is at least the possibility that the conduct could have been legitimate trial strategy, we will defer to counsel's decisions and deny relief on an ineffective assistance claim on direct appeal." *Ortiz v. State*, 93 S.W.3d 79, 88–89 (Tex. Crim. App. 2002).

In this case, Miller's allegations are not firmly founded in the record because the record is silent regarding counsel's reasons for his actions. Because the record does not affirmatively demonstrate trial counsel's alleged ineffective assistance, we overrule Miller's final issue. We note, however, that our decision does not preclude Miller from resubmitting his ineffective assistance of counsel claim in an application for writ of habeas corpus which "would provide an opportunity to conduct a dedicated hearing to consider the facts, circumstances, and rationale behind counsel's actions" and "allow trial counsel himself to explain" his actions. *Thompson*, 9 S.W.3d at 814-15.

## CONCLUSION

The trial court's judgment is affirmed.

Karen Angelini, Justice

DO NOT PUBLISH