

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-15-00012-CR
_____

MARK HOFF, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court at Law
Navarro County, Texas
Trial Court No. C35612-CR, Honorable Amanda Doan Putman, Presiding

February 13, 2017

## OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Mark Hoff, appeals from his conviction for tampering with physical evidence,[1] following a plea of guilty, and the resulting sentence of ten years of imprisonment, suspended in favor of community supervision for a period of ten years. By two issues he contends the trial court erred in denying his motion to suppress due to (1) insufficient probable cause to support the issuance of a search warrant and (2) a violation of article 38.22 of the Texas Code of Criminal Procedure. We affirm.

---

[1] See TEX. PENAL CODE ANN. § 37.09(a) (West 2016). As charged, the offense was a third degree felony. Id. at § 37.09(c) (West 2016).

### Issue One—Search Warrant Affidavit

Appellant's first issue was also raised in a separate appeal of his conviction for possession of a controlled substance. On January 31, 2017, writing for a unanimous court, Justice Campbell issued an opinion overruling that issue. *Hoff v. State*, No. 07-15-00011-CR, 2017 Tex. App. LEXIS 865, at *7 (Tex. App.—Amarillo, January 31, 2017, no pet. h.). (mem. op., not designated for publication). For the same reasons stated in that opinion, we overrule Appellant's first issue.

### Issue Two—Article 38.22

Regarding Appellant's second issue, three well-intended, open-minded, respectfully educated justices have looked at the same (relatively straight-forward) issue and reached three entirely different conclusions. Justice Campbell, writing the most comprehensive opinion has determined that the judgment of the trial court should be reversed because the court erred when it denied Appellant's motion to suppress certain oral statements made as a result of custodial interrogation. Chief Justice Quinn, writing an abbreviated concurring opinion, assumes for the sake of argument that the oral statements in question were the result of a custodial interrogation; however, he concludes that the judgment of the trial court should be affirmed because the denial of Appellant's motion to suppress was harmless. As the last to weigh-in, I agree with Chief Justice Quinn that the judgment of the trial court should be affirmed; however, I reach that conclusion based on my finding that the oral statements in question were not the result of custodial interrogation.

Article 38.22 of the Texas Code of Criminal Procedure mandates that "[n]o oral . . . statement of an accused made *as a result of custodial interrogation* shall be admissible against the accused in a criminal proceeding" unless certain procedural safeguards are met.[2] *See* TEX. CODE CRIM. PROC. ANN. art. 38.22, § 3(a) (West 2014) (Emphasis added). Implicit in this statutory provision is the fact that custodial statements made as the result of something other than interrogation are not precluded. In fact, by its own terms, the exclusionary provisions of Article 38.22 do not apply to "a statement that does not stem from custodial interrogation." *Id.* at 38.22, § 5. Because it is undisputed that the statement in question was not recorded (the procedural safeguard at issue in this case), the disposition of this issue turns squarely on the question of whether the oral statement was made in response to "custodial interrogation."

What constitutes "custodial interrogation" under Article 38.22 is the same as it is under *Miranda*[3] and the Fifth Amendment. *Thai Ngoc Nguyen v. State*, 292 S.W.3d 671, 677 n. 27 (Tex. Crim. App. 2009) (citing *Bass v. State*, 723 S.W.2d 687, 691 (Tex. Crim. App. 1986)). *See also Elizondo v. State*, 382 S.W.3d 389 (Tex. Crim. App. 2012). Whether custodial questioning constitutes "interrogation" under Article 38.22, section 3 is a mixed question of law and fact. *See Alford v. State*, 358 S.W.3d 647, 653 (Tex. Crim. App. 2012). Being a mixed question of law and fact, we must defer to any of the trial court's fact findings that turn on an evaluation of credibility and demeanor. *Id.* Conversely, if the trial court's fact findings do not turn on an evaluation of credibility and demeanor, a reviewing court should subject the undisputed facts to a *de novo* review

---

[2] At issue here was whether the oral statement in question had been recorded.

[3] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 692 (1966).

because the application of legal principles to a specific set of facts is an issue of law. *Id.*

Here, we have both *historically-observable* facts (facts that do not turn on an evaluation of credibility and demeanor) and *deferentially-determined* facts (facts that do). First, the relevant historically-observable facts are undisputed. In the course of executing a search warrant, Appellant was discovered in a bedroom of the premises being searched. When officers entered the bedroom, they observed him swallow something. They also observed other incriminating evidence in plain view that was eventually used to convict him of the offense of possession of a controlled substance. Appellant was immediately taken into custody and given the appropriate *Miranda* warnings *before* the statements in question were made*.* Asked by the prosecutor whether Appellant said anything about his actions in the bedroom, Officer Ragan responded, "[w]hile speaking with him, he told me that when the officers entered the room; that's what he had done, he had ingested the methamphetamine." The questioning continued:

Q. Okay. What were you speaking to him about?

A. The – the ingestion of the methamphetamine.

Q. Why were you talking to him about that?

A. I was trying to figure out, if that's what he did and why he had done that.

Q. Okay. And if he – if he had ingested drugs or methamphetamine, why was that important information for you to know?

A. For – first off, for medical reasons, you know, on himself and as far as destruction of evidence. Things of that nature.

4

While the record is unclear concerning the exact nature or wording of any questions asked, Appellant's statement that he had ingested methamphetamine was an undisputed historically-observable fact. That said, the surrounding circumstances relevant to the officer's subjective intent in discussing the matter and Appellant's subjective understanding as to why the matter was being discussed were circumstantial facts subject to deferential judicial determination according to the credibility of the witnesses and the weight to be given their testimony. Accordingly, as to those matters, we must defer to the decision of the trial court.

The significance of these deferentially determined facts is that "[q]uestions normally attendant to arrest, custody, or administrative 'booking' procedure do not constitute 'interrogation' for purposes of *Miranda . . . .*" *Cross v. State*, 144 S.W.3d 521, 524 n. 5 (Tex. Crim. App. 2004) (citing *Pennsylvania v. Muniz*, 496 U.S. 582, 601, 110 L. Ed. 2d 528, 110 S. Ct. 2638 (1990)). As stated by the Texas Court of Criminal Appeals, "[i]n the *Miranda* context, 'interrogation' means 'any words or actions on the part of the police . . . that the police should know are reasonably likely to elicit an incriminating response.'" *State v. Cruz*, 461 S.W.3d 531, 536 (Tex. Crim. App. 2015) (citing *Rhode Island v. Innis*, 446 U.S. 291, 300-01, 100 S. Ct. 1682, 64 L. Ed. 2d 297 (1980)). This "should know" test is the general test for determining whether an interrogation has occurred. *Cruz*, 461 S.W.3d at 536 (citing *Alford*, 358 S.W.3d at 661).

Here, the statement in question was inadmissible if it was the "result of custodial interrogation." Since the ultimate determination of whether a statement "stems from" or is the "result of" custodial interrogation is an application-of-law-to-fact question, we defer to the trial court's implied findings of fact that support that decision. *Byram v. State*, No.

5

PD-1480-15, 2017 Tex. Crim. App. LEXIS 83, at *7-8 (Tex. Crim. App. Jan. 25, 2017). Here the trial court found the oral statement was admissible pursuant to article 38.22; therefore, it must have concluded that it did not factually stem from custodial interrogation. Because this application-of-law-to-fact question finds support in the record, the trial court did not abuse its discretion in denying Appellant's motion to suppress. Accordingly, Appellant's second issue should be overruled.

CONCLUSION

A unanimous court having agreed to the disposition of issue one and a majority of the court having agreed to the disposition of issue two, the judgment of the trial court is affirmed.

Patrick A. Pirtle
Justice

Publish.