

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00698-CR

Kaleb Robert **FAJARDO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2016CR11118
Honorable Laura Lee Parker, Judge Presiding

Opinion by: Patricia O. Alvarez, Justice

Sitting: Patricia O. Alvarez, Justice
Irene Rios, Justice
Beth Watkins, Justice

Delivered and Filed: December 27, 2019

AFFIRMED

Appellant Kaleb Fajardo was convicted of Intoxication Manslaughter. On appeal, he argues that the trial court erred by (1) denying his motion to suppress for violations of his Fifth and Sixth Amendment rights, and (2) failing to grant him a hearing on his post-conviction motion for new trial. We affirm the trial court's judgment.

### BACKGROUND

At about 11:50 pm, Kaleb Fajardo drove his truck at approximately 70 miles per hour in a 30 miles per hour zone and collided with Sylvanna Sandoval's van when she turned left in front

of him. Emergency personnel responded quickly. They saw the severely damaged vehicles with Sylvanna Sandoval unconscious in her van and Fajardo sitting or standing at a bus stop near the curb. Witnesses identified Fajardo as being involved.

Officer Tudor was the first officer to speak with Fajardo. At that time, Officer Tudor was responsible for coordinating the scene, which included identifying parties involved in the crash and witnesses. He asked Fajardo for his name and date of birth, which Fajardo could not accurately answer. Officer Tudor asked Fajardo whether he had been drinking, and Fajardo said that he had had a few drinks. Officer Tudor observed that Fajardo smelled like alcohol, had watery and bloodshot eyes, and swayed while he stood. Based on his training, experience, and observations, Officer Tudor suspected that Fajardo was intoxicated, and he called for a DWI team to investigate.

Officer Lopez conducted the DWI investigation and was the next to speak to Fajardo. Officer Lopez asked Fajardo if he knew what had happened. Fajardo was, in turns, distracted and upset, then slurring and swaying. When asked about the truck that struck Sandoval's van, Fajardo acknowledged that it was his and agreed that he drove it. When Officer Lopez asked Fajardo how much he drank before he drove, Fajardo said that he had had four drinks. When asked about the type of drinks, Fajardo answered, "Sir, I cannot answer any questions without my lawyer helping me."

Officer Lopez informed Fajardo that he was not under arrest, to which Fajardo replied, "I'm not saying I am, Sir, because I don't deserve to be." Officer Lopez reiterated his question about the drinks, whether they were drinks or shots. Fajardo responded that they were "somewhere between drinks and shots." Officer Lopez asked when Fajardo drank, and Fajardo struggled to answer. Officer Lopez told him, "That's fine, they're just questions. You can say you don't know."

A forensic blood test showed Fajardo's blood alcohol concentration to be .19 percent.

Ms. Sandoval died at the hospital from injuries she sustained in the crash. Fajardo was charged with Intoxication Manslaughter, and a jury convicted him. Fajardo appeals.

On appeal, Fajardo raises two issues.

## FIFTH, SIXTH AMENDMENT VIOLATIONS

In his first issue, Fajardo contends that Officer Lopez elicited statements from him in violation of the Fifth and Sixth Amendments. The State responds that Fajardo was not subjected to custodial interrogation. We agree with the State.

### A.     Standard of Review

Generally, when custodial interrogation is at issue, there is a mixed question of law and fact. *Hoff v. State*, 516 S.W.3d 137, 139 (Tex. App.—Amarillo 2017, no pet.); *Hutchison v. State*, 424 S.W.3d 164, 175 (Tex. App.—Texarkana 2014, no pet.). But if the question does not turn on credibility or demeanor, we review the issue de novo. *Herrera v. State*, 241 S.W.3d 520, 527 (Tex. Crim. App. 2007). In doing so, we view the evidence in the light most favorable to upholding the trial court's ruling. *Kuether v. State*, 523 S.W.3d 798, 807 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd) (*citing Herrera*, 241 S.W.3d at 527).

### B.     Applicable Law

#### 1.     *Fifth Amendment Right to Counsel During DWI Investigation*

Arrestees have the right to remain silent and to have an attorney present before answering questions. *Miranda v. Arizona*, 384 U.S. 436, 460–61, 478–79 (1966); *Herrera v. State*, 241 S.W.3d at 539–40. This safeguard is meant to protect those in custody against feeling compelled to incriminate themselves. *Miranda*, 384 U.S. at 469; *Herrera*, 241 S.W.3d at 540. Prior to custodial interrogation, those Fifth Amendment protections are not yet triggered. *See Herrera*, 241 S.W.3d at 526 (requiring no *Miranda* warnings before custodial interrogation); *Kuether*, 523 S.W.3d at 808 (requiring no Miranda warnings for temporary detention prior to arrest); *Hauer v.*

*State*, 466 S.W.3d 886, 893 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (citing *Berkemer v. McCarty*, 468 U.S. 420, 440, (1984); *State v. Stevenson*, 958 S.W.2d 824, 829 (Tex. Crim. App. 1997)).

When considering whether a person is in custody for *Miranda* purposes, we apply a "reasonable person" standard, i.e., "[a] person is in 'custody' only if, under the circumstances, a reasonable person would believe that his freedom of movement was restrained to the degree associated with a formal arrest." *Kuether*, 523 S.W.3d at 808 (citing *Dowthitt v. State*, 931 S.W.2d 244, 254 (Tex. Crim. App. 1996); *Ortiz v. State*, 421 S.W.3d 887, 890 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd)).

We apply this test based on the objective circumstances surrounding the investigation, such as the amount of force displayed, the duration of detention, the efficiency of the investigative process and whether it was conducted at the original location or the person was transported to another location, and whether the officer told the detained person that he or she was under arrest or was being detained only for a temporary investigation. *Stevenson*, 958 S.W.2d at 828–29 (citing *Dowthitt*, 931 S.W.2d at 254–55); *Kuether*, 523 S.W.3d at 808 (citing *State v. Sheppard*, 271 S.W.3d 281, 291 (Tex. Crim. App. 2008)).

An officer asking routine or reasonable questions related to the investigation does not establish custody or interrogation for the purposes of *Miranda*. *See Granviel v. State*, 723 S.W.2d 141, 146 (Tex. Crim. App. 1986) (determining no compulsion when subject of investigation not in custody); *Guerrero v. State*, 605 S.W.2d 262, 265 (Tex. Crim. App. 1980) (holding that statements made during investigatory phase rather than accusatory phase not subject to suppression); *Tilley v. State*, 462 S.W.2d 594, 595 (Tex. Crim. App. 1971) (ascertaining facts about crash different from custodial interrogation); *Kuether*, 523 S.W.3d at 809 (concluding no *Miranda* violation when defendant was handcuffed during the investigation and officer asked questions

about defendant's drinking and driving and fleeing into the woods); *State v. Ortiz*, 346 S.W.3d 127, 134–35 (Tex. App.—Amarillo 2011) (asking routine inquiries and broad questions on arrival are not interrogation).

If a subject asks for an attorney before his Fifth Amendment right to counsel has attached, the officer is not required to then stop asking questions. *See Melton v. State*, 790 S.W.2d 322, 326 (Tex. Crim. App. 1990) (citing *Miranda* for proposition that the Court's intent was not to hamper police investigations with required warning); *Russell v. State*, 215 S.W.3d 531, 535 (Tex. App.— Waco 2007, pet. ref'd) (requesting an attorney under *Miranda* only effective during custodial interrogation); *Brossette v. State*, 99 S.W.3d 277, 282 (Tex. App.—Texarkana 2003, pet. ref'd, untimely filed) (citing *Edwards v. Arizona*, 451 U.S. 477, 484–85 (1981)); *Chiles v. State*, 988 S.W.2d 411, 413 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd).

> 2.  *Sixth Amendment Right to Counsel During DWI Investigation*

The Sixth Amendment right to counsel attaches only upon or after the filing of a complaint and information against a DWI arrestee. *Jamail v. State*, 731 S.W.2d 708, 711 (Tex. App.— Houston [1st Dist.] 1987), *aff'd*, 787 S.W.2d 380 (Tex. Crim. App. 1990) (citing *Ramirez v. State*, 721 S.W.2d 490 (Tex. App.—Houston [1st Dist.] 1986, pet. dism'd); *Forte v. Stat*e, 707 S.W.2d 89, 91 (Tex. Crim. App. 1986)). Therefore, no Sixth Amendment violation can occur during the early stage of a DWI investigation. *See Forte*, 707 S.W.2d at 92; *Ramirez*, 721 S.W.2d at 491 (holding no Sixth Amendment right to counsel prior to a complaint and information being filed).

## C.  Analysis

The record shows that Fajardo was not in custody for purposes of *Miranda* during the preliminary investigation at the crash scene: officers displayed relaxed demeanors, showed no force, made no commands, used no handcuffs, and asked basic investigatory questions without transporting Fajardo. *See Kuether*, 523 S.W.3d at 808–09.

Specifically, when Officer Lopez approached Fajardo at the scene, Fajardo was not in custody. He was not physically detained, and Officer Lopez, who exhibited a calm demeanor and conversational tone of voice, stood at least two feet from him. *See Kuether*, 523 S.W.3d at 808.

Before Fajardo was taken into custody, the officers were not required to provide Fajardo with *Miranda* warnings or an attorney, and they were not required to stop asking questions. *See Russell*, 215 S.W.3d at 535. Although Fajardo stated that he did not want to answer the preliminary questions without an attorney, because Fajardo was not in custody, Officer Lopez was not required to stop his investigation to accommodate Fajardo's early invocation. *See id*. At this early stage of the police investigation, Fajardo was not in custody, and neither his Fifth nor Sixth Amendment rights had attached. *See Granviel*, 723 S.W.2d at 146; *Ramirez*, 721 S.W.2d at 491.

We overrule Fajardo's first issue.

### MOTION FOR NEW TRIAL

In his second issue, Fajardo asserts that the trial court erred by denying his motion for new trial. He offered arguments on the merits regarding a sleeping juror and a statement that jurors may have relied on evidence of his previous parole to calculate his sentence.

The State does not address the motion's merits. It argues that Fajardo failed to preserve a claim of error because he failed to present the motion to the trial court. We agree with the State.

### A.    Applicable Law

If a defendant is convicted and files a motion for new trial, the defendant must present it to the trial court within ten days of filing. TEX. R. APP. P. 21.6; *Stokes v. State*, 277 S.W.3d 20, 21 (Tex. Crim. App. 2009).

Presentment requires that a defendant timely call the trial court's attention to a "request, objection or motion" in order to preserve a complaint for appellate review. *Carranza v. State*, 960

S.W.2d 76, 78–79 (Tex. Crim. App. 1998) ("A trial court should not be reversed on appeal on a matter that was never brought to the trial court's attention."); *see also Stokes*, 277 S.W.3d at 21.

On appeal, the record must show that the movant for a new trial provided notice to the trial court, such as by obtaining the trial court's ruling on a motion for new trial. *Carranza*, 960 S.W.2d at 79 (citing *Martinez v. State*, 846 S.W.2d 345, 346 (Tex. App.—Corpus Christi 1992, no pet.). Filing alone is insufficient notice. *Id*. at 78 (citing *Reyes v. State*, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993)).

If the record shows no actual notice of the motion to the court, then the defendant fails to preserve error, and we do not reach the merits of the motion. *See* TEX. R. APP. P. 21.6; *Carranza*, 960 S.W.2d at 78–79.

## B. Analysis

Fajardo timely filed a motion for new trial, but he does not argue that he presented it to the trial court, and we find no evidence of presentment in the record. *Contra* TEX. R. APP. P. 21.6; *Stokes*, 277 S.W.3d at 21.

Fajardo could have argued the merits of his motion for new trial if he had brought it to the trial court's attention within ten days of filing, but because there is no evidence of presentment to the trial court, we do not reach the question of whether the trial court abused its discretion by failing to hold a hearing on Fajardo's motion for new trial. *See Stokes*, 277 S.W.3d at 21; *Carranza*, 960 S.W.2d at 79.

We overrule Fajardo's second issue.

## CONCLUSION

We conclude that Fajardo's Fifth and Sixth Amendment rights were not violated during his DWI investigation. The record shows he was not in custody or under arrest, and the officers' questions were merely investigatory inquiries.

Further, because Fajardo failed to present his motion for new trial as required, he failed to preserve his second issue.

We affirm the trial court's judgment.

Patricia O. Alvarez, Justice

Do Not Publish